1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TERRANCE KNEPPER, *et al.*,

     Plaintiffs,

v.

EQUIFAX INFORMATION SERVICES,
LLC,

     Defendant.

Case No. 2:17-CV-02368-KJD-CWH

**ORDER**

     Presently before the Court is Defendant's Motion to Stay (#20). Plaintiffs filed a response in opposition (#30) to which Defendant replied (#32).

I. Background

     On September 7, 2017, Defendant Equifax Information Services, LLC ("Equifax") announced a data security breach that had occurred on or before July 29, 2017. The present putative class action was filed by Plaintiffs on September 10, 2017. Equifax was served with the summons and complaint on or about September 12, 2017. The operative First Amended Complaint was filed on September 17, 2017.

     On September 11, 2017, plaintiffs in related cases filed a motion for consolidation and transfer under 28 U.S.C. § 1407 with the Judicial Panel on Multidistrict Litigation ("JPML"). That

1  motion seeks to have twenty-two (22) related actions consolidated with *McGonnigal v. Equifax Inc.*,

2  No. 1:17-cv-03422-WSD (N.D. Ga. Sept. 7, 2017) and transferred to the Northern District of

3  Georgia. On September 25, 2017, Equifax filed the present motion seeking a stay of this action

4  pending resolution of the motion for consolidation and transfer that is before the JPML.

5  II. Analysis

6       A court has discretionary ability to stay a proceeding as part of its power to "control the

7  disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for

8  litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "A trial court may, with propriety,

9  find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action

10  before it, pending resolution of independent proceedings which bear upon the case." *Leyva v.*

11  *Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). When deciding whether to stay a

12  proceeding, a court should consider the parties' "competing interests" that will be effected by the

13  potential stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299

14  U.S. at 268).  When considering a stay pending the JPML's consideration of a motion to consolidate

15  and transfer a case, courts should consider three factors: (1) the judicial resources that would be

16  saved by avoiding duplicative litigation if the cases are in fact consolidated; (2) the hardship or

17  inequity to the moving party if the action is not stayed; and (3) the potential prejudice to the non-

18  moving party. *See Tobler v. DePuy Orthopaedics, Inc.*, 2012 WL 3598291 (D. Nev. August 17,

19  2012)(*citing Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

20      A. Conserve Judicial Resources

21       Clearly, staying the action promotes the interest of efficiency and judicial economy. Without

22  a stay, two courts would have to expend time and resources to conduct initial case management

23  activities. Two courts would have to resolve the questions presented by these claims arising under 15

24  U.S.C. § 1681g(a)(1), (3). The primary benefit of consolidation would be to prevent conflicting

25  decisions on important legal issues. *See Hertz Corp. v. The Gator Corp.*, 250 F. Supp.2d 421, 428

26  (D. N.J. 2003). Some of the legal issues at play in this case are to what extent preliminary injunctive

1    relief is available under the Fair Credit Reporting Act and whether the information compromised in

2    the data breach was a "consumer report." Additionally, it is best determined by the transferee court to

3    what extent this putative class action conflicts or overlaps with others. *See In re Plumbing Fixtures*,

4    308 F. Supp. 242, 243-44 (J.P.M.L. 1970).

5           B. Risk of Hardship to Equifax

6           Staying the action limits hardship or inequity to Equifax from unnecessary proceedings,

7    inconsistent rulings, duplicative discovery and having to relitigate claims in multiple jurisdictions.

8    Further, resolution of the consumer fraud claims Plaintiffs attempt to raise under state law rely

9    heavily on interpretation and definitions of the federal credit reporting statutes. Despite Plaintiffs'

10   heavy-handed use of hyperbole – constantly asserting that failing to grant injunctive relief in their

11   favor would amount to "court-sanctioned consumer fraud" –  their chance of success on the merits

12   will rely heavily on favorable interpretations of the federal statute, not the state statute.[1] Therefore,

13   this factor also favors staying the action pending a ruling on the motion to consolidate and transfer.

14          C. Prejudice to Plaintiff

15          Prejudice to Plaintiff will not arise from a stay. With the facts mostly undisputed, Plaintiffs'

16   arguments are chiefly legal. A brief stay to allow resolution of the motion to consolidate and transfer

17   will not result in continuing damage to Plaintiffs. Plaintiffs' argue that they are damaged by

18   Defendant's failure to fully disclose whether their data was included in the July 29th breach.

19   However, it seems clear that Defendant's use of the phrase "may have been impacted" signifies that

20   an individual plaintiff's data was available to the third party hacker, but whether the hacker

21   downloaded or copied the information would only be known to the hacker. In either event, Plaintiffs'

22   duty to use common sense, a third party credit protection service, and/or the free credit protection

23

24   ─────────────

25          [1]The state statute seems to make clear that reporting agency liability be based upon a "communication", which
     would require voluntary sending and receiving of information. However, in this case, Equifax appears to have not
26   voluntarily communicated the data to the hacker(s). Thus, Plaintiffs seem to have proven the adage that the substance of a
     motion is inversely proportional to the amount of hyperbole and rhetoric it contains.

1    services offered by Defendant would be the same. Thus, prejudice to Plaintiff would not be

2    heightened by the small delay of time caused by a stay.

3    <u>III. Conclusion</u>

4          Accordingly, IT IS HEREBY ORDERED that  Defendant's Motion to Stay (#20) is

5    **GRANTED**.

6          DATED this 2nd day of October 2017.

7

8

9                                      _____

10                                   Kent J. Dawson
                                  United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26